**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

Yasharahla Kusso                                              **Jury Trial Demanded**
100 Trowbridge Road
Columbia, SC 29229
Plaintiff,

**V.**

**RESURGENT CAPITAL SERVICES L.P.**              **Case No.** 3:26-cv-01628-JDA-SVH
**Defendant,**

## COMPLAINT AND DEMAND FOR JURY

### I.    INTRODUCTION

1. This civil matter is for actual and statutory damages brought by Plaintiff Yasharahla
   Kusso (hereinafter "Plaintiff"), an individual consumer, against Defendant RESURGENT
   CAPITAL SERVICES L.P. (hereinafter "Defendant") for violations of the Fair Debt
   Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), which
   prohibits debt collectors from engaging in unfair, abusive, and deceptive collection
   practices.

### II.    JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1692k (d) and 28 U.S.C § 1331.
   Venue in this District is proper as the Defendant transacts business in South
   Carolina.

### III.    PARTIES

3. Plaintiff Yasharahla Kusso is a natural person residing in the District of South Carolina. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4. Defendant Resurgent Capital Services L.P. is a debt collector as defined by 15 U.S.C. § 1692a(6), whose principal business is the collection of alleged consumer debts, with a principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC 29601.

## IV.    FACTUAL ALLEGATIONS

5. At all times relevant hereto, Defendant was engaged in the business of collecting consumer debts and used the mail, telephone, email, and other instruments of interstate commerce in its attempt to collect debts allegedly owed by consumers.

6. The alleged debt Defendant sought to collect from Plaintiff was purportedly incurred for personal, family, or household purposes, thereby qualifying as a "debt" within the meaning of 15 U.S.C. § 1692a(5).

7. On June 8, 2025, Plaintiff received a collection letter from Defendant attempting to collect an alleged debt in the amount of $1,051.89.

8. On the same day, June 8, 2025, Plaintiff sent Defendant a written cease-and-desist notice via email, including to licensing@resurgent.com, which is a functional and monitored email address used by Defendant. **(See Exhibit 1)**

9. On August 17, 2025, Plaintiff sent a second written cease-and-desist notice, again stating:

    "I refuse to pay any and all debts that you attempt to collect."

10. These communications constituted written refusals to pay and requests to cease communication under 15 U.S.C. § 1692c(c).

11. Because the notices were sent to Defendant's functional email address, Defendant had actual notice of Plaintiff's cease-and-desist demand.

12. After receiving Plaintiff's cease-and-desist notices, Defendant was legally prohibited from further communication except under limited circumstances not applicable here.

13. Despite receiving these notices, Defendant willfully continued collection activity.

14. On March 25, 2026, Defendant called Plaintiff by telephone in an attempt to collect the alleged debt.

15. Defendant also left a voicemail message attempting to collect the alleged debt. **(See Exhibit 2)**

16. Plaintiff did not consent to these communications and had expressly prohibited further contact.

17. Defendant's conduct was intentional, knowing, and willful, and not the result of any bona fide error.

    a) Defendant's violations were not an error because:
    b) Plaintiff sent multiple written cease-and-desist notices;
    c) Defendant received those notices via a functional and monitored email system;
    d) Defendant nevertheless continued collection activity;
    e) Defendant failed to maintain procedures reasonably adapted to avoid such violations;
    f) Defendant's conduct demonstrates a pattern of disregard for federal law.

18. A debt collector maintaining lawful compliance procedures would have:

    a) Flagged the account as cease-and-desist;
    b) Prevented all further communications;
    c) Ensured no further calls or voicemails were made.

19. Defendant's conduct demonstrates willful noncompliance with the FDCPA.

20. Plaintiff has suffered a concrete injury-in-fact sufficient to confer Article III standing.

21. Defendant's continued and unwanted communications after receipt of a written cease-and-desist notice constitute:

    a) Invasion of privacy,
    b) Harassment,
    c) Emotional distress,
    d) Anxiety,
    e) Frustration, and
    f) Loss of time and peace of mind.

22. These harms are closely related to traditional causes of action recognized at common law.

23. Under Spokeo, Inc. v. Robins, 578 U.S. 330 (2016) and TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), a statutory violation constitutes a concrete injury when it bears a close relationship to traditionally recognized harms such as invasion of privacy and emotional distress.

12. Defendant's continued calls after the cease-and-desist order caused Plaintiff stress, anxiety, annoyance, frustration, invasion of privacy, and time lost.

13. Defendant may claim that the repeated communications were a "bona fide error."

14. However, these violations were not the result of any bona fide error, because:

## V.     CAUSES OF ACTION
## COUNT I – VIOLATION OF 15 U.S.C. § 1692c(c)

19. Plaintiff restates all paragraphs as though fully stated herein.

20. Plaintiff sent a written refusal to pay and cease-and-desist notice.

21. Defendant continued contacting Plaintiff after receipt of that notice.

22. Defendant violated 15 U.S.C. § 1692c(c).

## COUNT II – VIOLATION OF 15 U.S.C. § 1692d

23. Defendant's continued call after Plaintiff prohibited contact constitute harassment under §1692d.

24. Plaintiff suffered emotional distress and anxiety due to these contacts.

## COUNT III – VIOLATION OF 15 U.S.C. § 1692e

25. Defendant attempted to collect a debt that was unverified, unproven, and disputed.

26. Defendant failed to provide validation as required by law, but continued collection efforts.

27. These acts violate §1692e and its subsections.

## COUNT IV – VIOLATION OF 15 U.S.C. § 1692f

28. Continuing to contact a consumer after a cease request is unfair, abusive, and unlawful.

29. Defendant's practices violate §1692f.

## VI.   DAMAGES

Plaintiff seeks:

- Statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A);
- Actual damages for stress, invasion of privacy, and emotional distress;
- Costs and fees as allowed by §1692k(a)(3);
- Any other relief the Court deems proper.

## VII.   JURY DEMAND

Plaintiff demands a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1. Statutory damages of $1,000;

2. Actual damages in an amount to be determined at trial;

3. Costs and filing fees;

4. Any additional relief the Court deems just and proper.

Respectfully submitted,

Dated 03/30/2026

_Yasharahla Kusso_
Yasharahla Kusso
100 Trowbridge Road
Columbia, SC 29229
Email: yasharahlakusso@myyahoo.com
Plaintiff, Pro Se